[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a civil action in which the state, acting CT Page 851 pursuant to General Statutes 54-36h, seeks forfeiture of a 1987 Hyundai Excel automobile. The complaint lists the owners, or interested persons as Felix Feliciano, Karl Xirinachs and Nancy Pagan.
The state has requested a stay of the civil proceedings pending disposition of the related criminal case and has moved for a protective order. Respondent Nancy Pagan has filed a brief in opposition and has moved for return of the vehicle.
Respondent Nancy Pagan's request for return appears to be based upon a claim that she is the registered owner of the vehicle, that she loaned it to respondent Feliciano and that she had no knowledge that the vehicle would be used to commit or facilitate the commission of any criminal offenses. She has filed an affidavit in support of her claim.
These factual issues however, cannot be resolved on the basis of assertions in the pleadings or by affidavit. To resolve the state's claim a full hearing and a finding of facts would be necessary. This would require much of the same evidence as would be produced at the criminal trial. Forcing the state to proceed with the civil trial before the criminal trial might well compromise the criminal prosecution.
Although there does not appear to be much in the way of law on its subject in Connecticut, federal cases support the power of the court to stay civil proceedings pending disposition of related criminal prosecutions. The federal cases also support the stay even when a respondent is not a defendant in the criminal case. Connecticut cases State v. 1984 Chrysler, Docket No CV90-296409, Judicial District of New Haven, May 14, 1990 (Damiani, J.) and State v. Michael E. Kavechas, Docket No 5775, Judicial District of Tolland, May 3, 1990 (Mack, J.) are in accord.
Accordingly, the request to stay the civil proceedings pending disposition of the criminal case and the motion for protective order are granted. Respondent Pagan's motion for return of the personal property is denied without prejudice to be considered after resolution of the criminal case. CT Page 852
Purtill, J.